IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PULTE HOME CORPORATION, a
Michigan corporation,

        Plaintiff,

vs.                                                                                                 No. CIV 08-0210 JB/LFG

LYNN P. GALINDO, an individual and
DOES I through X,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Lynn Galindo's Emergency Motion for Protective Order, filed September 10, 2008 (Doc. 29)("Motion"). The Court held a hearing on September 15, 2008. The primary issue is whether the Court should preclude Plaintiff Pulte Home Corporation from obtaining records of Defendant Lynn P. Galindo's private telephone conversations from her cellular telephone provider, AT&T. For the reasons stated on the record, and for further reasons consistent with those reasons already stated, the Court grants the motion without prejudice to Pulte Home renewing its request if it can bring forth information indicating that the cellular phone records it seeks are relevant.

## FACTUAL BACKGROUND

Galindo is a former Pulte Home employee. Pulte Home contends that, shortly after Pulte Home provided Galindo with a severance agreement, Galindo engaged in improper conduct when she contracted with a local developer named Forest City Covington NM in the summer of 2007. Pulte Home alleges that Galindo sought and obtained confidential marketing information, which she then used to prepare a marketing report for Forest City Covington NM – a competitor to Pulte

Home. See Complaint for Misappropriation, Conversion, Breach of Fiduciary Duty, Breach of Contract, Fraud, Breach of Covenant of Good Faith and Fair Dealing and Unjust Enrichment ¶ 28-29, at 7, filed February 28, 2008 (Doc. 1)("Complaint").  Pulte Home seeks to ascertain the names of others whom it believes conspired with Galindo to obtain and misuse the confidential information.  See id.

## PROCEDURAL BACKGROUND

Pulte Home filed its civil complaint against Galindo on February 28, 2008.  Galindo denies Pulte Home's allegations.  Galindo contends that this lawsuit is a vehicle to retaliate against her for offering testimony in a pending discrimination lawsuit in which Pulte Home executives referred to female employees in Las Vegas, Nevada as "bitches."

On August 22, 2008, Pulte Home issued a subpoena to AT&T for private cellular telephone records from January 2007 until the present.  See Exhibit A to Motion, Subpoena at 1 (dated August 22, 2008)(Doc. 29).  Galindo moves the Court, pursuant to rule 26(c)(1)(A) of the Federal Rules of Civil Procedure, for a protective order quashing Pulte Home's subpoena to AT&T for Galindo's personal cellular telephone bills and records.  Galindo asserts that Pulte Home does not have "reasonable grounds to seek Defendant's private cellular telephone records given the fact that the allegations in question occurred during the summer of 2007 and that they have failed to provide any legitimate explanation for [their] attempt to seek such records."  Motion at 2.  Galindo characterizes Pulte Home's desire to seek cellular telephone records as a "fishing expedition."  Id.

In its Response, Pulte Home argues that it seeks the cellular telephone records for two reasons.  First, it wishes to determine who, if anyone, "may have participated in Defendant's actions, so that it can investigate further and add these individuals as defendants, if appropriate."

Plaintiff's Response to Defendant's Emergency Motion for Protective Order at 3, filed September 11, 2008 (Doc. 30)("Response").  Second, Pulte Homes wishes to determine whether Galindo engaged in additional wrongful acts against it.  See id.  At the hearing, Pulte Home argued that its request for the cellular phone records is based on Galindo's Response to Interrogatory No. 6.  See Federal Digital Tape Recorder at 4:23:53-4:25:56 (September 15, 2008)(Burris)("FTR").  Interrogatory No. 6 asks: "Please describe each and every cell phone account you have maintained since January 1, 2007, including the company name of the service provider and the telephone number assigned to you."  Galindo's response to this interrogatory mentioned only one cellular phone account: "My account is with AT&T.  My telephone number is [redacted]."  Exhibit A to Response, Defendant Lynn Galindo's Answers to Plaintiff's First Set of Interrogatories at 4.  Pulte Homes maintains that Galindo's Response to Interrogatory No. 6 lacks information necessary to test whether Galindo maintained a private cellular phone account during the relevant time period with which she called alleged co-conspirators.  See id. (Burris).

In the Subpoena, Pulte Home requested all records from January 2007 to the present for the number  (702) 506-3145.  See Subpoena at 1.  Although Galindo's Response to Interrogatory No. 6 did not make it apparent, there were, in fact, three different cellular phone accounts between January 2007 and the present.  Up until October 2007, Galindo had an account with Sprint, for which Pulte Home paid.  See Exhibit B to Motion,  Letter from Martin R. Esquivel to Jeanne Scherlinck and Eric Burris at 1 (dated September 5, 2008).  From October 2007 until March 2008, Galindo had a private Sprint account.  See id. at 1.  Galindo asserts that she did not acquire her AT&T account until March of 2008.  See id.  Pulte Home did not request production of the Sprint records for the period of October 2007 to March 2008.  See FTR at 4:21:10-4:21:23

(Burris).

The Court stated that it would require Galindo to amend her Response to Interrogatory No. 6 within ten days of the hearing to state under oath the accounts that Galindo has or had, and the relevant dates for those accounts. See id. at 4:30:28-4:30:48 (the Court). The Court also noted that, assuming the AT&T account did not come into being until March 2008, records of that account would not be relevant. The Court therefore stated that it would grant the motion for protective order without prejudice to Pulte Home renewing its motion if it finds that it has information that would suggest the records are relevant. See FTR at 4:30:49-4:31:17 (the Court). The Court accordingly clarified that it was not granting the Motion on the basis of privacy, but rather on the basis of relevance. See id. at 4:31:17-4:31:52 (the Court). The Court also observed that, before getting to the AT&T records, Pulte Home should determine, after receiving a correct, amended response to Interrogatory No. 6, whether the records for the period between October 2007 and March 2008 are relevant. See id. at 4:31:30-4:31:45. If that period of the private Sprint account is not relevant, it is difficult for the court to understand why the AT&T records are relevant.[1]  Thus, for the reasons stated at the hearing on the record, and other reasons consistent therewith, the Court will grant the motion without prejudice to Pulte Home renewing it if it can bring forth information indicating that the cellular phone records it seeks are relevant.

**IT IS ORDERED** that the Defendant Lynn Galindo's Emergency Motion for Protective Order is granted without prejudice to to Pulte Home renewing it if it can bring forth information

---

[1] Without deciding the issue, the Court expressed its belief that it will "probably give the Plaintiff some leeway to do some discovery on the Sprint records," because the Court believes that some of the calls from the time period after employment may be relevant. FTR at 4:32:39-4:33:03 (the Court).

indicating that the cellular phone records it seeks are relevant.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Ellen Padesky Maturen
Bloomfield Hills, Michigan

-- and --

L.A. Hynds
Jeanne M. Scherlinck
  Honigman Miller Schwartz and Cohn, LLP
Detroit, Michigan

-- and --

Eric R. Burris
Adam E. Lyons
Anita Kelly
  Brownstein, Hyatt, Farber & Schreck, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Martin R. Esquivel
H. Nicole Werkmeister
  Narvaez Law Firm, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendant*